**NOT FOR PUBLICATION**



# FILED

UNITED STATES COURT OF APPEALS

APR 04 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZIBA YOUSSOFI,

Plaintiff-Appellant,

v.

CREDIT ONE FINANCIAL,

Defendant-Appellee.

No.   17-55275

D.C. No.
3:15-cv-01764-AJB-RBB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted March 16, 2018
San Francisco, California

Before:  WALLACE and BERZON, Circuit Judges, and MUELLER,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Kimberly J. Mueller, United States District Judge for
the Eastern District of California, sitting by designation.

Credit One Bank, N.A., (Credit One)[1] moved to compel arbitration of Ziba Youssofi's claims arising out of Credit One's collection calls to Youssofi. Youssofi opposed the motion on the ground that she had not validly waived her constitutional right to litigate her claims in court. We hold that enforcement of the arbitration clause against Youssofi implicated no state action, and so no Petition Clause right. Accordingly, no "knowing, intelligent, and voluntary" waiver of that constitutional right was required before the arbitration agreement was enforced against her. We therefore affirm.

"Because the First Amendment right to petition is a guarantee only against abridgment by the government, state action is a necessary threshold" for a Petition Clause claim. *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017) (internal citations and quotation marks omitted), *petition for cert. filed* (Mar. 9, 2018) (No. 17-1287). For the heightened waiver standard to apply, *see Leonard v. Clark*, 12 F.3d 885, 889 (9th Cir. 1993), Youssofi must demonstrate state action in the alleged infringement of her Petition Clause rights.

"[N]o state action is present in simply enforcing [an arbitration] agreement." *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182, 1201 (9th Cir. 1998),

---

[1] Although the caption names "Credit One Financial," Credit One Bank, N.A., is the properly named defendant-appellee.

*overruled on other grounds by EEOC v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742 (9th Cir. 2003). *See Roberts*, 877 F.3d at 838 n.1 ("It is well established that judicially enforcing arbitration agreements does not constitute state action.") (citing *Duffield*, 144 F.3d. at 1202).

Nor was state action present in the enforcement of Youssofi's arbitration agreement because the district court applied a substantive rule of law "in a manner alleged to restrict First Amendment freedoms." *Cohen v. Cowles Media Co.*, 501 U.S. 663, 668 (1991) (listing cases); *New York Times Co. v. Sullivan*, 376 U.S. 254, 265 (1964). Unlike the substantive laws at issue in *Sullivan* and *Cohen*, which were state-created and state-imposed, "the requirement that [Youssofi] actually arbitrate her lawsuit . . . is found in her private contract, not in federal law." *Duffield*, 144 F.3d at 1201; *see Roberts*, 877 F.3d at 844. Had Youssofi abided by the agreement to arbitrate, *see* 9 U.S.C. § 4, there would have been no involvement by the courts at all.

In the district court's enforcement of her arbitration agreement, Youssofi failed to demonstrate state action. The district court's order granting Credit One's motion to stay proceedings and compel arbitration is **AFFIRMED.**